UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
          Plaintiff,

v.                                                      CR. No. 10-076-ML

ROBERT S. CIRESI,
          Defendant

**MEMORANDUM AND ORDER**

The matter is before the Court on the defendant's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. For the reasons discussed below, the motion is denied.

I. Background

On August 19, 2010, a federal grand jury indicted the defendant on one count of federal program bribery in violation of 18 U.S.C. § 666(b)(2); one count of extortion under color of official right in violation of 18 U.S.C. § 1951; aiding and abetting others to commit bribery and extortion under 18 U.S.C. § 2; and one count of conspiring to commit those offenses in violation of 18 U.S.C. § 371. A trial by jury commenced on April 20, 2011. At the close of the government's case, the defendant moved for a judgment of acquittal, which the Court took under advisement. At the conclusion of the trial, the jury found the defendant guilty on all three counts.

II. Standard of Review

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, the Court "on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In considering a defendant's motion for acquittal, the Court must determine "'whether any rational factfinder could have found that the evidence presented at trial, together with all reasonable inferences, viewed in the light most favorable to the government, established each element of the particular offense beyond a reasonable doubt.'" United States v. Pomales-Lebron, 513 F.3d 262, 267 (1st Cir. 2008)(quoting United States v. Campbell, 268 F.3d 1, 6 (1st Cir. 2001)). Where, as here, the Court reserves its decision at the time the motion is made, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29. Therefore, the Court will consider only the evidence that had been submitted by the close of the government's case.

III. Elements of the Offenses

To establish federal program bribery, the government must prove: (1) the defendant "corruptly [gave] or agree[d] to give anything of value to any person;" (2) that person was "an agent of a . . . local government;" (3) the defendant did so "with intent to influence or reward" that person; (4) the transaction "involved

anything of value of $5,000 or more," 18 U.S.C. § 666(a)(2); and (5) the local government "receives, in any one year period, [federal assistance] in excess of $10,000." 18 U.S.C. § 666(b). With respect to the fourth element, the government and the defendant stipulated that the transaction at issue, specifically the "application for Amendment to Zoning Map and Ordinance" filed on or about October 2, 2008 on behalf of Churchill & Banks Companies, which was voted on by the North Providence Town Council on or about February 10, 2009, involved business involving $5,000 or more. Gov.'s Ex. 83. With respect to the fifth element, the parties also stipulated that the Town of North Providence received at least $10,000 per year from the federal government during each year at issue. Gov.'s Ex. 82.

To establish extortion under color of official right, the government must prove (1) that the defendant knowingly and willfully obtained property from another; (2) that the defendant did so by means of extortion under color of official right; (3) that the defendant knew that the person extorted, or its employees, parted with the property because of the extortion; and (4) that the extortion affected interstate commerce. See United States v. Cornier-Ortiz, 361 F.3d 29, 37 (1st Cir. 2004). With respect to the fourth element, the government and the defendant stipulated that the firm of Churchill & Banks is a Rhode Island limited liability company, which, during the period described in the indictment,

3

operated in interstate commerce. Gov.'s Ex. 83. In the alternative, the government meets it burden with respect to both substantive offenses if it proves that the defendant aided and abetted others in committing either of those offenses. 18 U.S.C. § 2;[1] United States v. Cornier-Ortiz, 361 F.3d at 37.

To establish conspiracy to commit federal program bribery and/or extortion under color of official right, the government must prove that (1) the agreement, as set forth in the indictment, and not some other agreement, existed between two or more persons; (2) that the defendant knowingly and willfully joined in that agreement; and (3) that one of the conspirators committed at least one of the overt acts set forth in the indictment in an effort to further the purpose of the conspiracy. See United States v. Barker Steel Co., Inc., 985 F.2d 1123, 1127-28 (1st Cir. 1993).

IV. Discussion

At the close of the government's case, the jury had been presented with extrinsic evidence of the defendant's involvement in the conspiracy to commit bribery and extortion and the role he had taken therein. Such evidence included detailed telephone records and surveillance information as testified to throughout the trial by FBI agents and those working with the FBI. In addition, the

---

[1] Pursuant to 18 U.S.C. § 2, "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

4

documentary evidence submitted to the jury demonstrated the defendant's participation as an attorney for both of the entities involved in making payments to the councilmen in exchange for favorable action by the council. The jury heard tape recorded statements by the defendant's fellow conspirators in which the co-conspirators detailed past occurrences and specific conduct of the defendant, as well as instructions and planning for future events. Finally, the jury heard testimony from two former members of the town council as to the configuration and responsibilities of the council and the requirement of a majority vote for official action, such as a zoning change request.

In sum, when viewed in the light most favorable to the government, the evidence presented to the jury, together with all reasonable inferences, was sufficient to submit the case to the jury for its determination of whether the defendant should be found guilty or not guilty of the asserted charges.

### Conclusion

For the reasons stated herein, the defendant's motion for acquittal is DENIED.

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge

April 28, 2011

5