### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

      v.                              CR. No. 10-076-4-ML

ROBERT S. CIRESI

### MEMORANDUM AND ORDER

MARY M. LISI, Chief District Judge.

    Robert S. Ciresi ("Ciresi") has filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Ciresi's motion is based on "newly discovered evidence" related to recorded conversations involving John A. Zambarano ("Zambarano"), one of Ciresi's co-defendants. In addition, Ciresi seeks production of information related to government investigations into Zambarano's criminal activities. For the reasons that follow, both motions are denied.

### I. Factual Background and Procedural History

    The details of Ciresi's offenses have been set forth in the decision by the first Circuit Court of Appeals in which it affirmed Ciresi's conviction; therefore, a brief summary will suffice. United States v. Ciresi, 697 F.3d 19 (1st Cir.2012). On April 26, 2011, Ciresi was convicted after a four-day trial by jury on charges of bribery, extortion, and conspiracy. Ciresi's conviction was the result of his involvement in a scheme to purchase the votes of three corrupt town councilmen, Zambarano, Raymond Douglas, and Joseph

Burchfield, id. at 23, all of whom pleaded guilty (prior to Ciresi's trial) to the criminal offenses with which they were charged. In the course of Ciresi's trial, the government introduced a number of recorded statements about Ciresi made by Zambarano to a government informant wherein Zambarano implicated Ciresi in the conspiracy. On direct appeal from his conviction and sentence, Ciresi argued that those statements should have been excluded and he challenged their admission on constitutional grounds under the Sixth Amendment's Confrontation Clause. Id. Ciresi's conviction and sentence were affirmed by the First Circuit on October 5, 2012. Id. at 32.

On December 14, 2012, Zambarano filed a motion to vacate his conviction pursuant to 28 U.S.C. §2255. In the government's objection to Zambarano's motion, the government noted that Zambarano "had already established himself as completely unworthy of belief;" that he had "continued to brazenly lie to the government;" and that his "willingness to tell the truth is a rare thing." CR. No. 10-76-ML, (Docket # 183 at 22-23). Zambarano's §2255 motion was denied on May 30, 2013.

On April 18, 2013, Ciresi filed a motion for a new trial, contending that (1) the government had failed to disclose to Ciresi that Zambarano was known to be untruthful; and (2) if Ciresi "had had the benefit of the government's assessment that Zambarano was a liar, [Ciresi] surely would have been acquitted." Ciresi's Mem. Mot. New Trial at Page 4 of 5 (Docket # 191-1).

On May 21, 2013, the government filed a response in opposition, in which it pointed out that Zambarano was charged with lying to the FBI in the same indictment in which Ciresi was charged. Gov.'s Obj. at 4 (Docket # 192). The government also attached to its memorandum an October 29, 2010 cover letter to Ciresi's counsel, which details the discovery materials related to Zambarano that had been provided to Ciresi well before his trial. (Docket # 192-1).

On June 6, 2013, Ciresi filed a motion for production of a laundry list of documents. Ciresi also conceded that the discovery materials referenced in the October 29, 2010 cover letter had previously been furnished to him. He maintained, however, that none of the government's responses "contained a statement by the government that it believed that Zambarano 'deliberately lied' or that he continued to 'brazenly lie to the government.'" Ciresi Response at Page 1 of 4 (Docket # 195-1).

In response, the government noted that Ciresi failed to offer any procedural authority that would justify a post-conviction motion to produce; Ciresi had been given reports of Zambarano's interviews months before Ciresi's trial; and documents related to the subject matters listed in Ciresi's motion to produce had been produced by the government before Ciresi's trial. (Docket # 200).

In his reply to the government's response, Ciresi casts his net wider, demanding an explanation regarding Zambarano's involvement in a separate insurance fraud case and the government's alleged

failure to inform Ciresi about "Zambarano's complaints about his lawyer and his lies about his mental state." Ciresi's Reply at Page 1 of 2. (Docket # 201). The matter is now ready to be decided.

## II. Standard of Review

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion based on "newly discovered evidence" must be filed within 3 years after a guilty verdict has been issued. Fed. R. Crim. P. 33(b)(1). In order to prevail in his request for a new trial on the basis of newly discovered evidence, a defendant must meet the standard set forth in United States v. Wright, 625 F.2d 1017, 1019 (1st Cir.1980). Under Wright, Ciresi "bears the weighty burden 'to establish that the evidence was: (i) unknown or unavailable at the time of trial, (ii) despite due diligence, (iii) material, and (iv) likely to result in an acquittal upon retrial.'" United States v. Hernandez-Rodriguez, 443 F.3d 138, 143 (1st Cir.2006)(quoting United States v. Falú-González, 205 F.3d 436, 442 (1st Cir.2000)(quoting United States v. Montilla-Rivera, 115 F.3d 1060, 1064-65 (1st Cir.1997)); United States v. Mathur, 624 F.3d 498, 503-504 (1st Cir.2010)(Defendant "must show that (i) the evidence in question was unknown or unavailable to him at the time of trial; (ii) his failure to learn of it did not result from a lack of due diligence on his part; (iii) the evidence is material; and

(iv) the evidence, if available upon retrial, would likely bring about an acquittal."). A motion for a new trial "must be denied if the defendant fails to meet any one of these factors." United States v. Del-Valle, 566 F.3d 31, 38 (1st Cir.2009).

"[W]here a defendant claims that the newly-discovered evidence should have been produced under *Brady*," a slightly different test is applied. United States v. Conley, 249 F.3d 38, 45 (1st Cir.2001). In that event, "the defendant must establish that (1) the evidence is material and favorable to the accused; (2) the evidence was suppressed by the prosecution; and (3) the defendant was prejudiced by the suppression in that there is 'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Id. (quoting Strickler v. Greene, 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)). Although this test is "more defendant-friendly," under either standard the defendant is required to establish that his motion is based on "newly discovered evidence." United States v. Mathur, 624 F.3d at 503; Fed. R. Crim. P. 33.

**III. Discussion**

In his motion for a new trial, Ciresi contends that, according to a Providence Journal article[1], a federal prosecutor had expressed

---

[1] As the government correctly points out, the Providence Journal article from which Ciresi quotes was not submitted to the Court. Gov. Obj. at 3 (Docket # 192).

that Zambarano "continued to brazenly lie to government agents." Ciresi now asserts that Zambarano was "the single most potent government witness against Ciresi" and that "without his participation in the taped conversations no evidence existed to link Ciresi to the conspiracy."[2] Zambarano's Mem. Mot. New Trial at Page 1 of 5. According to Ciresi, however, "[t]he government at no time, disclosed its concerns about Zambarano's 'brazen lies.'" Id. at Page 2 of 5. Ciresi further asserts that "if the jury had been told that Zambarano was a liar, it would not have given credence to his assertions about Ciresi." Id. at Page 3 of 5.

In its objection to Ciresi's motion, the government notes that (1) Zambarano was, in fact, charged with lying to the FBI in the same indictment that also charged Ciresi; and (2) evidence of Zambarano's untruthfulness was provided in discovery well before Ciresi's trial. The government states that, while Zambarano "might not be trustworthy when he knew law enforcement agents were listening, his statements to his co-conspirators were much more reliable." Gov. Mem. at 5 (Docket # 192). The government also points out that, in his closing argument, Ciresi's counsel attempted to convince the jury that Zambarano was not a credible or believable witness.

A review of the record and the procedural time line in this

---

[2] Contrary to Ciresi's assertion, there was other direct and circumstantial evidence linking Ciresi to the conspiracy.

case reveal that Ciresi's concerns are unfounded. Ciresi, together with Zambarano and three other co-defendants, was indicted on August 19, 2010. First Superseding Indictment (Docket # 23). In Count Twelve of the indictment, Zambarano was charged with making a false statement to a federal agent in violation of 18 U.S.C. § 1001. The indictment specified, *inter alia*, that Zambarano falsely stated that "he never discussed the Lymansville property zoning change with ROBERT S. CIRESI." Id. at 74.

On October 29, 2010, the government furnished Ciresi with discovery documents related to the charge against Zambarano for lying to a federal agent and to Zambarano's denial of his involvement in other criminal activity. Subsequently, on November 18, 2010, Zambarano was indicted in a separate insurance fraud case. Cr. No. 10-175-ML, Indictment (Docket #1). Zambarano's plea agreement with the government for both criminal cases against him was filed on February 23, 2011 (Docket # 61). On March 1, 2011, Zambarano pleaded guilty to all counts charged against him in the superseding indictment, including the charge of making false statements to a federal agent. At the same time, Zambarano pleaded guilty to the charges against him in the insurance fraud case. The details of Zambarano's conduct in both cases were included in the government's recitation of the evidence against him; Zambarano

7

agreed to the government's presentation.[3] Change-of-Plea Transcript at 43 (Docket #93).

In his closing argument to the jury, Ciresi's counsel focused particularly on Zambarano's lack of credibility and he attempted to convince the jury that Zambarano's statements and representations should not be credited. See, e.g. Jury Trial Transcript IV from April 25, 2011 (Docket # 165) at 35:16-18 ("What you heard were tape recordings, the musing of a cheater, a liar, a violator of the public trust, telling you what the evidence was."); id. at 36:22-23 ("This case is about the character of John Zambarano.")

In light of the indisputable events in this case, it is evident that Ciresi's motion for a new trial fails to meet the standard set forth by either Wright or Strickler. Ciresi's motion is prompted by a newspaper article that has not been provided to the government or the Court. Assuming, as the government did for the purpose of addressing Ciresi's motion, that the quotation from the article refers to the government's response to Zambarano's §2255 petition, the statement does not constitute evidence. Moreover, the question of Zambarano's credibility was raised as early as August 19, 2010, when Zambarano - in the same indictment returned as to Ciresi - was charged with lying to the FBI. Subsequently, and as Ciresi has since conceded, the government provided discovery related to that

---

[3] Zambarano added one minor clarification as to the reason why a particular town council meeting was deferred.

particular charge against Zambarano, as well as regarding Zambarano's denial of being involved in other criminal activity. Zambarano's indictment in the separate insurance fraud case, his participation in a plea agreement, and his acknowledgment of the government's colloquy at the change-of-plea hearing all occurred prior to Ciresi's jury trial. There is nothing to indicate that there exists any "newly discovered evidence." The question of Zambarano's credibility was a matter of record; he was, in fact, charged with making false statements. Discovery related to that charge, and to other criminal conduct denied by Zambarano, was properly disclosed to Ciresi; Zambarano's subsequent guilty plea to all charges was also a matter of record. In sum, Ciresi's motion fails to establish that there was any evidence that was unknown or unavailable to him at the time of trial or that such evidence was suppressed by the government.  Because the motion for a new trial must be denied, the related motion for production is without basis and, therefore, must be denied as well.

### Conclusion

For the foregoing reasons, Ciresi's motion for a new trial is hereby DENIED. Ciresi's motion for production is likewise DENIED. SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi

Chief United States District Judge
July 9, 2013